IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEILON VIDAL SANDERS a/k/a** | § | |
| **Keilon Muhammad Bey,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. 3:15-CV-89-N (BH)** |
| | § | |
| **TRAVIS SCHULZE, et al.,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred

for pretrial management.  Before the Court are *Federal Defendants' Motion to Dismiss*, filed February

17, 2015 (doc. 8), and *Memorandum in Support of Motion to Remand*, filed March 19, 2015 (doc. 11).

Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**; the

remaining claims should be **DISMISSED** *sua sponte*; and the motion to remand should be **DEEMED**

**MOOT**.

**I.  BACKGROUND**

On October 20, 2014, Kelion Vidal Sanders a/k/a Keilon Muhammad Bey (Plaintiff) filed this

action under 42 U.S.C. § 1983 in state court, alleging violations of the Fourth Amendment and

conspiracy under 18 U.S.C. § 241 in connection with his arrest. (doc. 1-3 at 3. )[1]  He also expressly

lists state law causes of action for false arrest, intentional infliction of emotional distress, aggravated

felony hit and run, trespass, assault, and battery.  (*Id*.)  He named as defendants United States Drug

Enforcement Agency (DEA) Special Agents Travis Schulze (SA Schulze) and Marcus West (SA

West) (collectively Defendants), John Doe DEA agents, and his two former court-appointed criminal

defense attorneys, Brook Busbee (Busbee) and Michael Ray Harris (Harris).  (*Id*. at 3-4.)

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather
than the page numbers at the bottom of each filing.

Plaintiff alleges that he was driving his car on August 14, 2013, when it was hit by a unidentified car that drove off without stopping.  (doc. 1-3 at 4.) He later learned that the car was driven by SA West. (*Id*.)  John Doe DEA agents then pulled up next to his car, claimed to have witnessed the collision, and offered to provide the license plate information for the unidentified car. (*Id*.)  Plaintiff pulled into a parking lot to receive the vehicle information, and without identifying themselves, the John Doe DEA agents attempted to restrain him. (*Id*.)  Plaintiff believed he was being robbed and feared for his life, so he drove away and called 911. (*Id*.)  As he was driving away, several John Doe DEA agents allegedly fired their guns, and others followed him. (*Id*.)  After Dallas Police Department officers arrived, Plaintiff pulled into a grocery store parking lot and was arrested. (*Id*.)[2]

Harris was appointed to represent Plaintiff in his federal criminal case.  (*Id*. at 5.)  Plaintiff contends that Harris coerced him into waiving certain rights, failed to disclose what documents meant, and did not review relevant evidence. (*Id*. at 4-7.)  Busbee was subsequently appointed to represent Plaintiff.  He claims that Busbee was "ineffective counsel since the day she was appointed." (*Id*. at 8.) Plaintiff also alleges that both defense attorneys conspired with Defendants and John Doe DEA agents to deprive him of his constitutional rights.  (*Id*. at 5.)[3]

On January 12, 2015, Defendants removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1).  On February 17, 2015, they moved to dismiss it. (doc. 8.)  Plaintiff did not file a response, although he did file a motion to remand. (doc. 11.)  Both motions are now ripe for recommendation.

---

[2]Plaintiff was indicted on August 6, 2013, on federal charges of conspiring to distribute cocaine and marijuana. *See United States v. Argueta et al*., No. 3:13-CR-295-K (N.D. Tex.) (doc. 1.)  An arrest warrant issued for him on August 7, 2013. (*See id.,* doc. 22.)

[3]Plaintiff ultimately pleaded guilty pursuant to a plea agreement on March 19, 2014, to conspiring to distribute marijuana, and was sentenced to a term of imprisonment of 120 months, followed by a 5 year term of supervised release. *See United States v. Argueta et al*., No. 3:13-CR-295-K (N.D. Tex.) (docs. 428; 528; 989.)

2

## II.  MOTION TO DISMISS

Defendants move to dismiss this case pursuant to Rule 12(b)(6). (doc. 8 at 2.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).[4]  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) (citation omitted).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' "  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[4]"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his] claim[s]."  *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725.  It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).  Here, Defendants do not rely on any matters outside of the pleadings in support of their motion to dismiss.

do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

## A.   18 U.S.C. § 241

Defendants move to dismiss Plaintiff's claims under 18 U.S.C. § 241 on grounds that criminal statutes do not give rise to civil causes of action. (doc. 8 at 7.)

"Section 241 criminalizes conspiracy against the free exercise of a constitutional right." *McHenry v. Stinnett Police Dept.*, No. 2:13–CV–0228–J, 2014 WL 4771855, at *7 (N.D. Tex. Aug. 8, 2014), *adopted by*, 2014 WL 4810025 (N.D. Tex. Sept. 25, 2014). "It is axiomatic, however, that federal criminal . . . statutes do not create a private right of action." *Flander v. Dep't of Pub. Safety*, No. 3:13–CV–4576–B, 2014 WL 238652, at *2 (N.D. Tex. Jan. 22, 2014). Moreover, courts have expressly held that "Section 241 . . . does not provide for civil remedies." *McHenry*, 2014 WL 4771855, at *7 (citing *Fierro v. Robinson*, 405 F. App'x 925, 926 (5th Cir. 2010) (per curiam); *Mackey v. Astrue*, 486 F. App'x 421, 422–23 (5th Cir. 2012) (per curiam)).

4

To the extent that he seeks to bring criminal charges against Defendants, "a private citizen like Plaintiff cannot initiate a federal criminal prosecution because that power is vested exclusively in the executive branch." *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 635 (N.D. Tex. 2005) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Vella v. McCammon*, No. Civ. H–85–5580, 1986 WL 15772, at *2 (S.D. Tex. Jul. 29, 1986) (holding that plaintiff's allegations that defendants committed extortion and criminal conspiracy under federal law did not give rise to a civil cause of action). Further, "[c]riminal statutes can neither be enforced by civil action nor by private parties." *Hassell v. United States*, 203 F.R.D. 241, 244 (N.D. Tex. 1999).

Because 18 U.S.C. § 241 does not provide a civil cause of action and may not be enforced by Plaintiff, he fails to state a claim against Defendants under this statute.

## B.     42 U.S.C. § 1983/*Bivens*

Defendants also move to dismiss Plaintiff's claims against them under 42 U.S.C. § 1983 because it only applies to state actors. (doc. 8 at 1.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation omitted). To state a claim under § 1983, he must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Here, it is undisputed that Defendants are federal agents. (*See* docs. 1-3 at 2; 8 at 1.)  Section 1983 does not apply when only federal action is at issue.  *See Williams v. Wood*, 612 F.2d 982, 984

n. 1 (5th Cir. 1980) (per curiam).  When a plaintiff alleges unconstitutional action by a federal actor, his claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States*, No. 4:06–CV–0426–Y, 2006 WL 3831227, at *1 n. 8 (N.D. Tex. Dec. 27, 2006); *see also Boyd v. Driver*, 579 F.3d 513, 515 n. 5 (5th Cir. 2009) (per curiam) (a *Bivens* action is otherwise coextensive with, and indistinguishable from a § 1983 claim); *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005) (per curiam).  "Because *pro se* complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff."  *Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) (internal citation omitted).  Plaintiff's complaint must therefore be liberally construed as asserting claims under *Bivens* against Defendants.

## C.    Qualified Immunity

Defendants contend that they are entitled to qualified immunity. (doc. 8 at 3.)

Officials sued in their individual capacity for violations under *Bivens* may assert the defense of qualified immunity. *Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("the qualified immunity analysis is identical under either [§ 1983 and *Bivens*] cause[s] of action.") (citations omitted).  Qualified immunity is a doctrine designed to protect government officials sued in their individual capacity from liability for civil damages, so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved as early as

6

possible in the litigation.  *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).[5]

In deciding whether a defendant is entitled to qualified immunity, courts conduct a two-prong inquiry.  Under the first prong, courts consider whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).  Under the second prong, courts determine whether the violated constitutional right was clearly established within the specific context of the case.  *Id.* at 201.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id.* at 202.  It is within the discretion of the court to decide which of the two prongs to address first in light of the circumstances particular to each case.  *Pearson*, 129 S. Ct. at 818; *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009).  If the court answers both the constitutional violation and clearly established questions in the affirmative, the officer is not entitled to qualified immunity.  *Lytle*, 560 F.3d at 410.

"The issue of qualified immunity is often resolved on summary judgment, but the Court may also consider the issue in a motion to dismiss."  *Gill v. Delvin*, 867 F.Supp.2d 849, 855 (N.D. Tex. 2012) (citing *Iqbal*, 129 S.Ct. at 1949).  "Once a government official pleads the defense of qualified immunity, the burden shifts to the plaintiff to rebut the defense."  *Ezell v. Wells*, No. 2:15–CV–00083–J, 2015 WL 4191751, at *5 (N.D. Tex. July 10, 2015) (citing *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 456 (5th Cir. 2001)); *accord Pierce v. Smith*, 117 F.3d 866, 871–72 (5th Cir.

---

[5]Because "the burden is on the plaintiff to disprove a defendant's qualified-immunity defense . . . unless the pleadings plausibly state a claim of an objectively unreasonable violation of clearly-established law, a defendant pleading qualified immunity is entitled to dismissal before full discovery is commenced." *Gill*, 867 F.Supp.2d at 855 (citing *Behrens v. Pelletier*, 516 U.S. 299, 306-08 (1996); *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994-95 (5th Cir. 1995)).

1997)).  Here, Defendants have asserted the defense via a motion to dismiss, but Plaintiff did not

respond to the motion.  His complaint is subject to a heightened pleading requirement and is reviewed

for "claims of specific conduct and actions giving rise to a constitutional violation."    *See*

*Cunningham*, 2015 WL 3822212, at *9 (citations omitted).

### *1.    Constitutional Violation*

Defendants expressly move to dismiss on grounds that Plaintiff alleged "[n]o violation of a

'clearly established' right." (doc. 8 at 3.)  Their reliance on the existence of probable cause implicates

whether a constitutional violation has occurred, however.  The probable cause argument will therefore

be considered in the context of whether Plaintiff has alleged violations of the Fourth Amendment

under the first prong.

The Fourth Amendment provides that:

> The right of the people to be secure in their persons, houses, papers, and effects,
> against unreasonable searches and seizures, shall not be violated, and no Warrants
> shall issue, but upon probable cause, supported by Oath or affirmation, and
> particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV; *accord Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992).  "A 'search' occurs

when an expectation of privacy that society is prepared to consider reasonable is infringed." *United*

*States v. Jacobsen*, 466 U.S. 109, 113 (1984).  A "seizure" of property within the meaning of the

Fourth Amendment occurs when "there is some meaningful interference with an individual's

possessory interests in that property." *Soldal*, 506 U.S. at 61 (quoting *Jacobsen*, 466 U.S. at 113).  The

Fourth Amendment only prohibits unreasonable seizures, however. *See Severance v. Patterson*, 566

F.3d 490, 502 (5th Cir. 2009).  A determination of whether a seizure is unreasonable, and therefore

in violation of the Fourth Amendment, involves a careful balancing of governmental and private

interests. *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985); *see also Freeman v. City of Dallas*, 242

F.3d 642, 649 (5th Cir. 2001).   In general, one may not challenge deprivations of property as unreasonable when the deprivation occurs according to a specific regulated process. *Severance*, 566 F.3d at 502.  The Supreme Court has recognized that when state officers act pursuant to a court order, it would be a "laborious process" for a plaintiff to show that a seizure is unreasonable. *Soldal*, 506 U.S. at 71.

According to the Fifth Circuit, "[t]he Fourth Amendment is not violated by an arrest based on probable cause." *Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994) (citing *Hill v. California*, 401 U.S. 797 (1971)).  "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984) (citing *Rodriguez v. Ritchey*, 556 F.2d 1185, 1191 (5th Cir. 1977) (en banc)).  "The purpose of a warrant is to allow a neutral judicial officer to assess whether the police have probable cause to make an arrest or conduct a search." *Steagald v. U.S.*, 451 U.S. 204, 212 (1981).  Where there is no facially valid warrant, probable cause to arrest exists when there is a fair probability that an offense occurred. *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000).

Here, Plaintiff's complaint concedes the existence of an arrest warrant.[6] (*See* docs. 1-3 at 13;

---

[6] The complaint does appear to challenge the warrant's validity, contending,

Inspection of the alleged arrest warrant reveals that the alleged "arrest warrant" was issued on August 7, 2013 and yet [SA Schulze] claims to have received the alleged "arrest warrant" on August 6, 2013 which is entirely impossible. A person cannot receive something which has yet to be created prior to its alleged creation date. . . . [SA Schulze] tampered with a government document in order to cover up his crimes and by inspection of the alleged "arrest warrant" does not stand up to the four corners test.

(doc. 1-3 at 6.)  It does not allege that the warrant was not signed by a judicial officer after the indictment was issued, however.  Plaintiff has failed to plead sufficient facts to support an inference that the warrant was not valid.

9

8 at 5.) Defendants were entitled to presume that it was validly supported by probable cause.

### 2.    *Clearly Established Law*

Defendants also move to dismiss on grounds that their conduct was not a violation of clearly established Fourth Amendment law. (doc. 8 at 3-4.)  This inquiry turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson*, 555 U.S. at 244 (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)). A federal agent's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd,131* S.Ct. 2074, 2083 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  In analyzing this issue, the Supreme Court has not required a specific case on point to establish the legal rules, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Id*.

According to the Fifth Circuit, it is "sometimes necessary and permissible for the government to use stratagems, artifices, ruses, and undercover agents or investigators who may use assumed names and conceal their true identity."  *United States v. Allibhai*, 939 F.2d 244, 251 (5th Cir. 1999) (quoting *United States v. Fera*, 616 F.2d 590, 596 (5th Cir. 1980)).  Other federal courts have reached similar conclusions. *See, e.g., Vasiliavitchious*, 919 F.Supp. at 1117 ("Unsurprisingly the courts have upheld the use of subterfuge to trick a defendant into leaving his home on many occasion"); *United States v. $70,000 U.S. Currency,* 826 F.Supp. 730, 735 (S.D.N.Y. 1993) (telling suspects that they were investigating a bank robbery in the vicinity as a "ruse" to explain a stop of a vehicle was not a constitutional violation); *United States v. Alejandro*, 368 F.3d 130, 137 (2nd Cir. 2004) (quoting *Leahy v. United States*, 272 F.2d 487, 490 (9th Cir. 1959) ("There is no constitutional mandate forbidding

the use of deception in executing a valid arrest warrant.")); *Hrubec v. United States*, 734 F. Supp. 60, 68 (E.D.N.Y. 1990) (noting that the use of a ruse to gain entry to a house and execute a valid search warrant does not violate the Fourth Amendment). "[T]he use of subterfuge in and of itself does not offend the conscience." *United States v. Vasiliavitchious*, 919 F.Supp. 1113, 1117 (N.D. Ill. 1996).

In this case, Plaintiff complains that Defendants and John Doe DEA agents used a ruse to get him to pull over so that they could execute the arrest warrant. Ruses have been found to be acceptable in the Fourth Amendment context. Plaintiff has not pleaded sufficient facts to state a plausible claim that Defendants violated clearly established law under the Fourth Amendment.

Qualified immunity has not been overcome and Defendants' motion to dismiss any *Bivens* claims against them should be granted.[7]

## III.  STATE LAW CLAIMS AGAINST DEFENDANTS

Plaintiff's complaint also expressly lists state law claims against the Defendants for false arrest, intentional infliction of emotional distress, aggravated felony hit and run, trespass, assault, and battery. (doc. 1-3 at 3.) capacity.

Defendants did not expressly move to dismiss the state law claims against them. However, a district court may *sua sponte* dismiss a claim for failure to state a claim, as long as the plaintiff has notice of the court's intention and an opportunity to be heard. *See Carroll v. Fort James Corp.*, 470

---

[7] Plaintiff has not alleged that Defendants used excessive force while arresting him. (*See* doc. 1-3.) Even if his complaint may be liberally construed as asserting an excessive force claim, the Supreme Court has held that "all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see Flores v. City of Palacios*, 381 F.3d 391, 396–97 (5th Cir. 2004). To succeed on a Fourth Amendment excessive force claim under § 1983 or *Bivens*, a plaintiff must show "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Graham*, 490 U.S. at 395; *accord Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). Plaintiff has alleged no injury. Accordingly, to the extent that he is attempting to allege an excessive force claim, he has also failed to state a claim upon which relief can be granted on that claim.

F.3d 1171, 1177 (5th Cir. 2006); *see also Shaunfield v. Experian Information Solutions, Inc*., 991

F.Supp.2d 786, 808 (N.D. Tex. 2014).  The fourteen-day time frame for objecting to a recommended

dismissal provides the requisite notice and opportunity.  *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008

WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).[8]

## A.    False Arrest

In Texas, "[t]he elements of false arrest and false imprisonment are similar enough to be

indistinguishable." *Lewis v. Continental Airlines, Inc.*, 80 F.Supp.2d 686, 701 (S.D. Tex. 1999).

(quoting *Villegas v. Griffin Indus*., 975 S.W.2d 745, 754 (Tex. App.—Corpus Christi 1998, no pet.)).

To establish the intentional torts of false arrest or false imprisonment, the plaintiff must show (1)

willful detention, (2) without consent, and (3) without authority of law. *Gladden v. Roach*, 864 F.2d

1196, 1201 (5th Cir. 1989), *cert. denied*, 491 U.S. 907 (1989) (citation omitted).  "A detention may

be accomplished by violence, by threats, or by any other means that restrains a person from moving

from one place to another." *Ameen v. Meck & Co., Inc.*, 226 F. App'x 363, 374 (5th Cir. 2007) (citing

*Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644-45 (Tex. 1995)).  "Although physical

restraint is one way to establish a willful detention, it is not the only way." *Lewis*, 80 F.Supp.2d at 702

(quoting *Grant v. Stop-N-Go Market of Texas, Inc.*, 994 S.W.2d 867, 872(Tex. App.–Houston [1st

Dist.] 1999, no pet.).   Liability extends to any person who directs or requests an unlawful detention,

including private citizens who request law enforcement officers to arrest a third party. *See Reicheneder*

*v. Skaggs Drug Ctr*., 421 F.2d 307, 311 (5th Cir. 1970).

---

[8]The Court may exercise jurisdiction over these state law claims against Defendants under 28
U.S.C. § 1442(a)(1).  It provides that "any officer ... of the United States or of any agency thereof, sued in
an official or individual capacity, for or relating to any act under color of such office or on account of any
right, title or authority claimed under any Act of Congress for the apprehension or punishment of
criminals" may remove that lawsuit to federal court.  Here, the complaint makes clear that the conduct
upon which Plaintiff bases his claims occurred while Defendants were attempting to arrest him.

To succeed on a claim of false arrest, there must be an absence of probable cause for the arrest. *See Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004).   An indictment demonstrates probable cause, however. *See Hastings v. City of Dallas Police Dep't*, No. 3:06–CV–1422–P, 2007 WL 1944408, at *3 n.2 (N.D. Tex. June 25, 2007), *appeal dismissed as frivolous*, 271 F.App'x 421 (5th Cir. 2008) (per curiam).

As noted, because Defendants were acting according to an indictment and arrest warrant, they had probable cause for the arrest and cannot be liable for false arrest.

**B.      Intentional Infliction of Emotional Distress**

"To establish intentional infliction of emotional distress, the plaintiff must show that (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's actions caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe." *Ward v. Bechtel Corp.*, 102 F.3d 199, 203 n.2 (5th Cir. 1997) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)); *accord Lewis*, 80 F.Supp.2d at 703.

According to the Fifth Circuit, for the conduct to be considered extreme and outrageous, the "conduct must be so extreme as to go 'beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 564 (5th Cir. 1998) (per curiam) (citation omitted).   "Liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions." *Ugalde v. W.A. McKenzie Asphalt Co.*, 990 F.2d 239, 243 (5th Cir. 1993) (citing *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1143 (5th Cir. 1991).

Here, Plaintiff has provided only a conclusory allegations regarding intentional infliction of emotional distress, but he has not identified any conduct by Defendants that he contends was extreme

and outrageous.  Nor has he alleged that he suffered emotional distress and that it was severe.

## C.     Aggravated Felony Hit and Run

Plaintiff has generally alleged "aggravated felony hit and run."  (doc. 1-3 at 3.)  Although Plaintiff does not provide a legal basis for this claim, under Texas Law, "the operator of a vehicle involved in an accident resulting only in damage to a vehicle that is driven or attended by a person shall: (1) immediately stop the vehicle at the scene of the accident or as close as possible to the scene of the accident without obstructing traffic more than is necessary; (2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and (3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023." Tex. Transp. Code. Ann. § 550.022 (West 2011). Failure to comply with this statute can amount to either a Class C or Class B misdemeanor, depending on the extent of the damage.  As noted, civil actions do not permit a private party to enforce criminal statutes, *Florance*, 500 F.Supp.2d at 626, and they do not provide for civil remedies. *See McHenry*, 2014 WL 4771855, at *7.

## D.     Trespass

Without specifying where or when a trespass occurred, Plaintiff generally alleges the defendants have trespassed. (doc. 1-3 at 3.)  Under Texas law, "[t]respass is the unauthorized physical entry onto a person's property by someone or something." *Hillman v. City of McKinney*, 70 F.Supp.3d 790, 803 (E.D. Tex. 2014) (citing *Ronald Holland's A–Plus Transmission & Auto. v. E–Z Mart Stores, Inc.*, 184 S.W.3d 749, 758 (Tex. App.—San Antonio 2005, no pet.)).  "In order to recover damages for trespass, a plaintiff must be able to prove three elements: (1) plaintiff owns, or had a legal right of possession, on the alleged property; (2) defendant entered the property, and said entry was physical, intentional, and voluntary; and (3) defendants' trespass caused injury to plaintiff." *Id*. at 803-04 (citing

*Wilen v. Falkenstein*, 191 S.W.3d 791, 797–98 (Tex. App.—Fort Worth 2006, pet. denied)).  Here, Plaintiff does not allege any of the elements necessary for trespass. (*See* doc. 1-3.)

### E.   <u>Assault and Battery</u>

Finally, Plaintiff has alleged assault and battery. (doc. 1-3 at 3.)  "In Texas, the elements of a cause of action for assault and battery are the same in civil law as they are in criminal law." *Lewis,* 80 F.Supp.2d at 694 (citing *Green v. Industrial Specialty Contractors, Inc*., 1 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Stokes v. Puckett*, 972 S.W.2d 921, 925 (Tex. App.—Beaumont 1998, no pet.)). "A person commits an assault if he 'intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.' " *Id*. (quoting TEX. PEN. CODE ANN. § 22.01(a)(3)); *see Garza v. City of Ennis*, No. 3:97–CV–1098–G, 1997 WL 756589, at *4 (N.D. Tex. Dec. 3, 1997) (citations omitted).

"If an act is done with the intention of inflicting upon another an offensive but not a harmful bodily contact, or of putting another in apprehension of either a harmful or offensive bodily contact, and such act causes a bodily contact to the other, the actor is liable to the other for a battery although the act was not done with the intention of bringing about the resulting bodily harm." *Lewis*, 80 F.Supp.2d at 695 (*Misle v. State Farm Mut. Auto. Ins. Co.*, 908 S.W.2d 289, 291 (Tex. App.—Austin 1995, no writ) (citations omitted).  To establish a claim for assault and battery in a civil action, the plaintiff must show that the defendant "intentionally or knowingly threatens another with imminent bodily injury." *Garza v. United States*, 881 F.Supp. 1103, 1106 (S.D. Tex. 1995).  "Moreover, to prevail, a plaintiff must show that physical contact occurred." *Id.* (citing *Preble v. Young*, 999 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1999, no pet.)).

15

"Where one person assists another in making an assault, both are principals and liable in damages for any injury inflicted." *Id*. (quoting *Milliken v. Skepnek*, No. 14–96–01522–CV, 1999 WL 496505, at *6 (Tex. App.—Houston [14th Dist.] July 15, 1999, no pet.)) (citations omitted)  "Anyone who commands, directs, advises, encourages, procures, controls, aids, or abets a wrongful act by another, is just as responsible for the wrongful act as the one who actually committed it." *Id*. (citations omitted).  "Nevertheless, '[o]vert participation or some form of encouragement in the commission of the assault is required.' " *Id*. (citations omitted).

However, "under Texas law, a police officer is not liable for assault if he only used force reasonably necessary to effectuate the arrest." *Spencer v. Rau*, 542 F.Supp.2d 583, 592 (W.D. Tex. 2007) (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001)).  "Furthermore, under the Texas Penal Code, 'a police officer is privileged to use force to the degree he reasonably believes is necessary to make an arrest,' " but the officer may not use greater force than reasonably necessary to complete the arrest  *Id.* (quoting *Petta* 44 S.W.3d at 579).

Here, because Defendants had an arrest warrant, they may not be held liable if they only used the force reasonably necessary to effectuate the arrest. *Spencer*, 44 S.W.3d at 579.  Plaintiff has not asserted that the force used in trying to restrain him was excessive.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendants, and the remaining state law claims against them should be dismissed *sua sponte*.

## IV.  CLAIMS AGAINST REMAINING DEFENDANTS

Plaintiff alleges the same claims that he asserts against Defendants against the John Doe DEA agents and his defense attorneys.  As noted, these claims may be dismissed *sua sponte* for failure to state a claim as long as Plaintiff has notice and an opportunity to be heard, which the fourteen-day

objection period provides.  *See Carroll*, 470 F.3d at 1177.

**A.**      **John Doe DEA agents**

A *Bivens* action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens*, 403 U.S. at 390 n. 2 (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney).  "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) (citing *Colle v. Brazos County*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir.1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants).

These types of actions are permitted only where, through discovery, it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendants. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 F. App'x at 718 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. at 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records).

Here, Plaintiff's complaint does not provide characteristics of any John Doe DEA agents for

purposes of identification.  Even if he had provided sufficient allegations so that their identities could

be determined, the *Bivens* claims against them would be subject to dismissal for the same reasons as

the claims against Defendants, i.e., his failure to allege a violation of a clearly established

constitutional or statutory right.  The § 241 claims and any state law claims asserted against the John

Doe DEA agents would also be subject to dismissal for the same reasons as those against Defendants,

i.e., no private cause of action and failure to plead sufficient facts to state a plausible claim.

Accordingly, the claims against John Doe DEA Agents should also be *sua sponte* dismissed for failure

to state a claim.

**B.**     **Defense Attorneys**

Plaintiff also asserts claims against his defense attorneys under § 1983 and § 241. (*See* doc.

1-3 at 3.)  He generally claims that his attorneys conspired to deprive him of his Fourth Amendment

rights and that they were ineffective. (*Id*. at 5-9.)

*1.*     ***Federal Claims***

It is well-established that an appointed attorney does not act under color of state law in

representing a defendant at trial or on direct appeal.  *See Polk County v. Dodson*, 454 U.S. 312, 325

(1981) (holding that "a public defender does not act under color of state law when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist.

Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed

attorneys, are not official state actors, and generally are not subject to suit under section 1983").

A private party may be acting "under color of state law" and be held liable under § 1983 in

certain circumstances, however.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong

v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).  For example, a defense attorney may be held liable

under § 1983 if the attorney conspired with state officials in the criminal case. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *see also Hamil v. Nader*, 589 F. App'x 271, 272 (5th Cir. 2015) (ineffective assistance of counsel is not enough for conspiracy).

Here, Plaintiff has alleged no facts to support a claim that his defense attorneys conspired with state or federal actors. Most of the conduct upon which he bases his claims occurred before his attorneys were ever appointed. His sole conclusory allegation of conspiracy is insufficient to state a § 1983 claim against the defense attorneys. With regard to his § 241 claims, as noted, it is a criminal statute that does not give rise to civil remedies. *McHenry*, 2014 WL 4771855, at *7.

To the extent that Plaintiff challenges the effectiveness of his attorneys and seeks release or equitable relief based on these contentions, his claims must be pursued initially in habeas corpus proceedings. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *Serio v. Members of Louisiana State Bd. Of Pardons*, 821 F.2d 1112, 1118-19 (5th Cir. 1987). He therefore fails to state a claim upon which relief may be granted in this civil rights action.

### 2. *State Law Claims*

To the extent that Plaintiff also seeks to assert the state law claims against his defense attorneys, those claims should also be dismissed *sua sponte*.

Pursuant to § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact."

*McKee v. Texas Star Salon, LLC*, No. 3:06–CV–879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3); *Nagy v. George*, No. 3:07–CV–368–K, 2007 WL 2122175, at *10 (N.D. Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir. 2008). Under § 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of state law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Nonetheless, this rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U .S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiff's right."). In determining whether to exercise supplemental jurisdiction, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257; *Nagy*, 2007 WL 2122175, at *10.

Here, all three factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims against the defense attorneys. First, they arise from the same "common nucleus of operative facts" as

his federal claims, namely, his arrest. Requiring Plaintiff to litigate these claims in state court would "necessarily require consideration by two distinct courts of the same operative facts" and the "same legal issues." *See McKee*, 2007 WL 2381246, at *4. In addition, the Court has spent a substantial amount of time and resources reviewing the pleadings and researching the legal issues involved, and has become familiar with the merits of the claims. *See McCall v. Peters*, No. CIV.A. 3:00–CV–2247–D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd*, 108 F. App'x 862 (5th Cir. 2004) (in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources that it has spent adjudicating the case). This Court should therefore exercise supplemental jurisdiction over Plaintiff's state law claims against the defense attorneys.

As with the other defendants, Plaintiff has failed to state upon a claim upon which relief can be granted for all of his state law claims against the defense attorneys, i.e., false arrest, intentional infliction of emotional distress, aggravated felony hit and run, trespass, assault, and battery. (doc. 1-3 at 3.) The allegations in the complaint do not reflect that the defense attorneys were present or involved in Plaintiff's arrest. Accordingly, he fails to state a state law claim against them.

In conclusion, Plaintiff's claims against his defense attorneys should be *sua sponte* dismissed.

## V.  MOTION TO REMAND

Plaintiff moves to remand this case to state court. (doc. 11.) Because all of Plaintiff's claims are subject to dismissal, his motion to remand should be deemed moot.

## VI.   RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED,** the claims against them under *Bivens* and § 241 should be dismissed, and all remaining claims against all defendants should be

DISMISSED *sua sponte*, with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[9]

Plaintiff's motion to remand should be **DEEMED MOOT**.

   **SIGNED this 31st day of August, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[9]Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.